UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AUBREY ARMSTRONG, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) 1:25-cv-00273-LEW |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner, pursuant to 28 U.S.C. § 2254, seeks relief from a state court conviction and sentence for a merged crime of robbery and felony murder. (Petition, ECF No. 1.) Petitioner argues his attorney provided ineffective assistance at trial, the prosecutor committed misconduct, and the state court erred when denying postconviction relief. The State asks the Court to dismiss the petition. (Response, ECF No. 7.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

**FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY**

In November 2015, police responded to a disturbance in an apartment building where two individuals, Zina Fritze and Michael Sean McQuade, resided. When the officers knocked, Damik Davis (an associate of Petitioner's) opened the door while breathing

---

[1] The facts are drawn from the state court summaries and the transcripts of the proceedings. State court determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

heavily, sweating, and with blood visible on his hand. When officers asked about Fritze and McQuade, Davis called for them, walked out of sight, and ran from the building. The officer who saw Davis fleeing also found outside the building a phone later identified as Petitioner's. Officers discovered the body of a man in the apartment later determined to have been killed by multiple blunt force injuries to the head. Fritze and McQuade went into hiding and were found two days later.

In January 2016, a grand jury indicted Petitioner on charges of murder in violation of 17-A M.R.S.A § 201(1)(A), felony murder in violation of 17-A M.R.S.A. § 202(1), and robbery in violation of 17-A M.R.S.A. § 651(1)(C). Davis, McQuade, and Fritze were charged with the same crimes. Fritze died while in custody.

The Superior Court held a jury-waived trial in May 2018. McQuade testified that Petitioner wanted to rob the victim of drugs by luring him to the apartment. According to McQuade, Petitioner and Davis struck the victim repeatedly as McQuade and Fritze prepared to leave, and when police arrived, McQuade and Fritze fled with Petitioner behind them. Petitioner made threats and instructed them not to say anything about him.

Petitioner sought to introduce into evidence a transcript of Fritze's statements to police, wherein she asserted that Davis attacked the victim. Fritze had not mentioned Petitioner in the statements. The evidence was excluded under Maine Rule of Evidence 804(b)(3) because the Superior Court determined that, given McQuade's testimony regarding Petitioner's threats against them, there was insufficient corroboration for the hearsay statements because Fritze had probable motive to falsify when she made her statements.

The Superior Court found Petitioner not guilty of the murder charge and guilty of the robbery and felony murder charges. In July 2018, the Superior Court sentenced Petitioner to thirty years in prison for the felony murder conviction and thirty years in prison with all but twenty-nine years suspended on the robbery conviction, to be served concurrently. Petitioner filed an appeal and raised an evidentiary argument regarding the exclusion of the Fritze interview and a double jeopardy argument. In July 2019, the Maine Law Court rejected Petitioner's evidentiary argument but agreed with Petitioner and the State that the separate convictions and judgments for robbery and felony murder violated the double jeopardy clauses of the state and federal constitutions. *State v. Armstrong*, 2019 ME 117, ¶¶ 24, 25, 212 A.3d 856, 862. The Law Court remanded for the trial court to take appropriate action to alleviate the double jeopardy effect of the two convictions. *Id.* ¶ 26.

In October 2019, the Superior Court attempted to alleviate the double jeopardy effect by dismissing the robbery charge, denying Petitioner's request for a full resentencing proceeding, and issuing an amended judgment and conviction with the same thirty-year sentence on the felony murder charge. Petitioner appealed again. In July 2020, the Law Court clarified that "the appropriate procedure to prevent a double jeopardy violation is to merge, not dismiss, the duplicative counts," with the result being "multiple findings of guilt but only one conviction and one sentence." *State v. Armstrong*, 2020 ME 97, ¶ 11, 237 A.3d 185, 189. The Law Court again remanded for sentencing and clarified that both parties should have the opportunity to be heard before the Superior Court conducts another sentencing analysis in accordance with state statute. *Id.* ¶ 14.

In September 2020, Petitioner filed a motion for the presiding Superior Court justice to recuse; the motion was denied.  In August 2021, the Superior Court held a hearing on the merged conviction and sentenced Petitioner to thirty years in prison.  Petitioner sought review of the sentence and appealed from the judgment.  In November 2021, the Sentence Review Panel denied leave to appeal from the sentence.  *State v. Armstrong*, No. SRP-21-316 (Me. Sent. Rev. Panel Nov. 5, 2021).  On June 7, 2022, the Law Court affirmed the conviction, rejecting Petitioner's argument that the trial court judge's recusal was required.  *State v. Armstrong*, Mem-22-53 (Me. L. Ct. June 7, 2022).

In April 2023, Petitioner filed a first state court postconviction petition.  On May 8, 2023, the Superior Court conducted a preliminary review and dismissed the first petition, concluding that the petition did not contain any cognizable grounds for postconviction relief because all the arguments could have been raised on direct appeal.  Petitioner asserts that he did not receive the decision until May 25, 2023.

On June 1, 2023, Petitioner prepared a motion to reconsider the decision dismissing his first state postconviction petition.  (Attachments at 4, ECF No. 9-1.)  On June 13, 2023, Petitioner prepared a motion to extend the deadline to appeal from the order dismissing the first state postconviction petition until after the Superior Court resolved the motion to reconsider.  (*Id.* at 5–6.)  On June 20, 2023, Petitioner signed a similar motion to extend the deadline to appeal.  (*Id.* at 7.)  He also signed a similar motion filed with the Law Court.

(*Id.* at 8.) On June 28, 2023, the Superior Court received the motion to reconsider and the motion to extend the deadline; the Court denied the motions on July 13, 2023.[2]

Meanwhile, on June 15, 2023, Petitioner signed a second state court postconviction review petition. The Superior Court received the second petition on June 29, 2023. In September 2023, the Superior Court dismissed the second petition because it was filed more than one year after the Law Court denied his last direct appeal.

Petitioner sought discretionary review from the Law Court, arguing that equitable tolling should have applied to permit consideration of the second state court postconviction petition on the merits because of the delay in receiving the Superior Court orders and because he was prepared to send the petition on June 2, 2023 (before the one-year period expired), but he was prevented from doing so because a notary was not available to prisoners until June 15, 2023. In April 2024, the Law Court granted a certificate of probable cause to appeal from the decision. In February 2025, the Law Court dismissed the appeal as improvidently granted because the Court concluded that Petitioner had waived any equitable tolling argument that he might have by not raising the doctrine or presenting the supporting factual allegations to the Superior Court. *Armstrong v. State*, 2025 ME 12, ¶¶ 1, 16, 334 A.3d 619, 620, 622.

Petitioner filed the federal habeas petition in May 2025.

---

[2] Petitioner did not submit to this Court a signed copy of the motion to reconsider, and the state court docket record does not reflect the motion being received. The State noted the absence of any reference in the docket record, but it does not dispute that Petitioner signed and filed the motion to reconsider, and it was evidently received because the Superior Court's order referred to the motion.

## DISCUSSION

A person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts will not consider habeas claims on the merits, however, unless several threshold requirements are satisfied. For example, a state prisoner must raise all available claims in a single application rather than in successive petitions, 28 U.S.C. § 2244(b), the federal petition generally must be filed within the federal one-year statute of limitations, *id.* § 2244(d), and a petitioner ordinarily must exhaust all available state remedies by "fairly present[ing] [each] claim in each appropriate state court (including a state supreme court with powers of discretionary review)," *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quotation marks omitted).[3]

In addition, a federal court ordinarily may not review a claim that was disposed of in state court "pursuant to an independent and adequate state procedural rule," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedurally defaulted claim can be considered only if: (1) failing to consider it would cause "a fundamental miscarriage of justice" due to new evidence of "actual innocence" showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," *Schlup*

---

[3] To exhaust a postconviction claim fully in Maine, a petitioner must request discretionary review by the Law Court. *See* 15 M.R.S. § 2131. Because the Law Court's decisions are the final state court adjudications on the merits of each claim, the decisions ordinarily under review in federal district court are the Law Court's orders affirming the decisions of the trial court. However, if the Law Court's decision did not explain the reasons for denying relief, the federal court presumes the Law Court adopted the trial court's reasoning unless the State rebuts the presumption. *See Wilson v. Sellers*, 584 U.S. 122, 125–26 (2018).

*v. Delo*, 513 U.S. 298, 327 (1995); or (2) "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman*, 501 U.S. at 750.

Ineffective assistance of counsel at trial or on appeal can establish cause to set aside a procedural default. *Id.* at 753–54. A petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Courts evaluate counsel's decisions from their perspective and knowledge at the time and apply a strong presumption that the attorney acted within the wide range of reasonable professional assistance. *Rivera v. Thompson*, 879 F.3d 7, 12 (1st Cir. 2018). A "reasonable probability" for purposes of establishing prejudice "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Because the constitutional right to counsel does not extend beyond the direct appeal, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), ineffective assistance in a state postconviction proceeding generally cannot establish cause to set aside a procedural default. *Coleman*, 501 U.S. at 752–55. When a state effectively requires ineffective assistance claims to be raised in a collateral attack rather than a direct appeal, however, the lack of effective assistance during "initial-review collateral proceedings" (but not "other kinds of proceedings") will "establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," provided that the underlying ineffective assistance claim

"is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 566 U.S. 1, 14–16 (2012).

When reviewing a habeas claim adjudicated on the merits in state court, a federal court may not grant relief unless (1) the state court decision "was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1); or (2) the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented" in state court, *id.* § 2254(d)(2). A state court's legal conclusion is contrary to or an unreasonable application of federal law "only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Nevada v. Jackson,* 569 U.S. 505, 508–09 (2013) (quotation marks omitted). A federal court's review of a claim adjudicated on the merits in state court is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (interpreting 28 U.S.C. § 2254(d)(1)).

When a federal court considers the merits of a claim that was not adjudicated on the merits in state court (i.e. a procedurally defaulted claim for which the default is excused), a federal court is only permitted to consider evidence beyond the state court record in narrow circumstances. If the petitioner "fail[s] to develop the factual basis of a claim in State court proceedings," the federal court can only consider facts beyond the state court record when the claim is based on a new retroactive rule of constitutional law or newly discovered evidence, and when the further factfinding would demonstrate "by clear and convincing evidence" that "no reasonable factfinder would have found the applicant guilty

of the underlying offense." 28 U.S.C. § 2254(e)(2); *see also*, *Shinn v. Ramirez*, 596 U.S. 366, 381–82 (2022).[4]

Here, the state court did not adjudicate the merits of Petitioner's claims because it concluded that Petitioner failed to file the state petition within the one-year state statute of limitations and did not raise the issue of equitable tolling or the factual circumstances supporting the argument. Because there is no plausible allegation that the state statute of limitations is not well-established and regularly applied, Petitioner's claims were procedurally defaulted.

Petitioner does not describe any new evidence of actual innocence, and there is no apparent basis for excusing the procedural default for grounds two, three, and four. In ground one, however, Petitioner argues that trial and appellate counsel provided ineffective assistance by failing to: (1) require complete discovery; (2) object to meetings between the state court judge and prosecutors; (3) challenge the sufficiency of the evidence; (4) address prosecutorial misconduct and violations of *Brady v. Maryland*, 373 U.S. 83 (1963); and (5) seek the trial court judge's recusal. Because Petitioner did not have the assistance of counsel in the initial postconviction review proceeding, the exception established in *Martinez v. Ryan* arguably could apply to excuse the default of the underlying ineffective assistance claims. A review of Petitioner's filings in this case and the state court record,

---

[4] The Supreme Court holds petitioners responsible for failing to develop the record—and thus the stringent restrictions on evidentiary hearings apply—when the failure occurred because of a lack of effective assistance of postconviction counsel, even in circumstances addressed in *Martinez v. Ryan*, (i.e. when the failure occurred in an initial-review collateral proceeding and when the claim involves ineffective assistance of trial counsel). *Shinn*, 596 U.S. at 382.

however, reveals no basis for the Court to conclude that Petitioner's underlying ineffective assistance claims are substantial.

Petitioner has provided no factual information, evidence, or supporting materials to support his ineffective assistance claims. For example, Petitioner does not identify the discovery materials that counsel failed to request or the exculpatory materials the Government purportedly withheld, and there is no way to assess the significance of any hypothetical records or evidence. While the trial transcript reflects that multiple sidebar and bench conferences occurred, which is not unusual, the record lacks any suggestion that defense counsel was excluded from the conferences or that there were any ex parte communications. Petitioner has also failed to offer a persuasive argument as to why McQuade's testimony if credited and corroborated with other evidence (such as the mobile phone at the location of the crime scene) was insufficient to support the verdict. Moreover, because the issue of recusal was addressed by the Law Court, which determined that recusal was not required, Petitioner cannot show that the outcome would have been different had counsel raised the issue earlier.

Because there is no cause to excuse the procedural default resulting from an adequate independent state procedural rule, namely the state statute of limitations, Petitioner is not entitled to postconviction relief.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a

certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of November, 2025.